SOUTHERN DISTRICT OF MISSISSIPPI
FILED
APR - 8 2011
J. T. NOBLIN, CLERK
BY_______________DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DENNIS SPIKES** **PLAINTIFF**

**VERSUS** **CIVIL ACTION NO.** 1:11cv162WJG-RHW

**BLESSEY MARINE, INC.; BLESSEY MARINE SERVICES, INC.; APEX OIL COMPANY; AND FICTITIOUS DEFENDANTS A THROUGH F** **DEFENDANTS**

## COMPLAINT

COMES NOW the Plaintiff, Dennis Spikes, by and through his attorneys of record, Lumpkin, Reeves & Mestayer, PLLC, and files this his Complaint against the Defendants, e, Inc., and Fictitious Defendants A through F, and for cause therefor would show unto the Court as follows:

## PARTIES, JURISDICTION AND VENUE

1. The Plaintiff, Dennis Spikes, is and at all times relevant hereto, was an adult resident citizen of Harrison County, Mississippi, First Judicial District. At all times relevant, Mr. Spikes was a seaman under the provisions of the Jones Act and General Maritime Law.

2. The Defendant, Blessey Marine, Inc., is a Louisiana corporation organized and existing in a state other than Mississippi, which may be served with process upon its registered agent for service: Patrick W. Voss, 1515 River Oaks Road East, Harahan, LA 70123.

3. The Defendant, Blessey Marine Services, Inc., is a Louisiana corporation organized and existing in a state other than Mississippi, which may be served with process

upon its registered agent for service: Patrick W. Voss, 1515 River Oaks Road East, Harahan, LA 70123.

4. The Defendant, Apex Oil Company, is a Missouri corporation organized and existing in a state other than Mississippi, whose principal business office is located at 212 South Central, St. Louis, MO 63105, which may be served with process upon its officer, Goldstein Oil Company, General Partner, 212 South Central, St. Louis, MO 63105.

5. Defendants A through F, are fictitious corporations, entities or persons whose real names and business addresses are unknown to the Plaintiff at this time, but whose real names and addresses will be made part of this Complaint at such time as they do become known to the Plaintiff, and at which time process of this Court may be served on such parties. These Defendants' negligent, intentional, and/or fraudulent conducts was a proximate cause of the Plaintiff's injuries. These Defendants include companies or entities which may have been responsible for inspecting the materials loaded onto the vessels in question, and/or advising the crew of the vessel preparing the contents to be loaded.

6. This is an admiralty and maritime claim within Fed.R.Civ. P. 9(h). Jurisdiction of this case is established under Federal Rule of Civil Procedure 9(h).

7. Venue is also proper as the Defendants have refused to pay cure benefits due and owing in the State of Mississippi.

## FACTS

8. At all materials times hereto, the Defendants were either the owner or owner *pro hac vice* and/or operated or controlled the activities of various vessels and/or conducted construction upon certain vessels, barges and appurtenances located and operated upon navigable waters in the Gulf of Mexico.

9. On or about April 10, 2010, and all materials times prior to that date, the Plaintiff, Dennis Spikes, was employed by the Defendants and was a permanently assigned crew member of the HUGH MONSTEAD, which is a vessel within the meaning of the Jones Act and maritime law and at all times relevant was owned and operated by the Defendants.

10. On or about April 10, 2010, while working on the HUGH MONSTEAD, the Plaintiff was caused to sustain severe, painful and permanent injuries to his body when he had to reach down to get a wire.

11. Without any fault whatsoever on his part and wholly and solely through the willful, intentional, wanton, careless, reckless, and negligent actions of the Defendants, their agents, servants and/or employees, the Plaintiff was caused to sustain severe, painful and permanent injuries to his back and body as a whole as a result of the aforementioned conduct.

12. At the time the Plaintiff was injured, the vessel had been loaded with a petroleum product.

13. After loading was complete, an inspector gauged the product, took product samples, and measured temperatures.

14. At all relevant times, this inspector was working for the Defendants and was was acting as the Defendants' agent, making the Defendants liable under the theories of respondent superior and agency.

**COUNT ONE**

15. Plaintiff readopts and realleges each and every allegation set forth in the preceding paragraphs of this Complaint.

16. The Defendants had a duty to act reasonably under the circumstances.

17. The Plaintiff alleges that the Defendants, their agents, servants and/or employees' negligence breached that duty and proximately caused the Plaintiff's injuries and damages as a result of the following acts, among others, to be proven at trial:

(a) failing to take reasonable and necessary precautions to avoid injury to the Plaintiff;

(b) negligent supervision and hiring of the Plaintiff's supervisor(s);

(c) failure to implement safe work procedures;

(d) failure to hire and maintain an adequate and competent crew;

(e) failure to maintain a seaworthy vessel;

(f) failure to have and maintain safe working procedures and policies;

(g) failure to provide prompt and adequate medical attention;

(h) ordering and directing the Plaintiff to work under unsafe conditions without taking reasonable and necessary precautions to avoid injury to the Plaintiff;

(i) Filing to provide proper safeguards;

(j) Failing to furnish the Plaintiff with adequate and sufficient aid and assistance for the performance of his work;

(k) Failing to comply with industry safety standards;

(l) Failing to maintain the vessel in safe condition;

(m) Failing to property and safely maintain the cargo;

(n) Failing to accurately identify the cargo;

(o) Failing to inspect the cargo; and

(p) Other acts and omissions which will be shown at trial.

18. These negligent acts proximately caused the Plaintiff's injuries.

**COUNT TWO**

19. Plaintiff readopts and realleges each and every allegation set forth in the preceding paragraphs of this Complaint.

20. The HUGH MONSTEAD, which was owned, operated and/or controlled by the Defendants, was unseaworthy under the General Admiralty and Maritime Law.

21. The Defendants, as the owner and/or operator of the vessel, owed the Plaintiff the absolute duty to keep and maintain the ship and equipment of the vessel in a seaworthy condition at all times. The Defendants breached this duty and failed to provide a seaworthy vessel reasonably fit for its intended use. As a result, the Plaintiff was damaged as set forth herein.

**COUNT THREE**

22. Plaintiff readopts and realleges each and every allegation set forth in the preceding paragraphs of this Complaint.

23. By virtue of his service on the vessel owned, operated and/or controlled by the Defendants, the Plaintiff claims maintenance for the period of his disability in an amount which the Court may deem just and proper at the trial of this cause. Plaintiff further claims cure benefits including but not limited to the cost of medical attention, the service of physicians and nurses, the cost of hospitalization, medicines, and medical apparatus.

24. The Defendants have refused to pay for reasonable and necessary medical treatment, without justification. Therefore, the Plaintiff is entitled to attorney's fees, interest, and punitive damages.

## DAMAGES AND PRAYER FOR RELIEF

25. As a result of the Defendants' actions, the Plaintiff has and in the future will continue to suffer damages, including, but not limited to, medical expenses, great pain and suffering, mental anguish and emotional distress, loss of wage-earning capacity and job market access, physical disability, impairment, inconvenience, loss of enjoyment of life, humiliation, worry, embarrassment and concern about economic insecurity.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff sues and demands judgment of and from the Defendants for all compensatory damages referenced herein, and all damages allowed by law, including pre- and post-judgment interest, in an amount which exceeds the minimal jurisdictional amount of this Court, plus attorneys' fees. The Plaintiff further claims entitlement to punitive damages. The Plaintiff prays for such other and further relief to which he may be entitled.

Respectfully submitted, this the 8th day of April, 2011.

**DENNIS SPIKES, PLAINTIFF**

BY: ______________________________

Jim Reeves. (MSB #9519)
Lumpkin, Reeves & Mestayer
P. O. Drawer 1388
Biloxi, MS 39533
Phone: 228/374-5151
Fax: 228/374-6630